# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| SIGHTLINE PAYMENTS, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>EVERI HOLDINGS INC., EVERI PAYMENTS INC., EVERI GAMES HOLDING INC., and EVERI GAMES INC.,<br><br>        Defendants. | Case No.:  6:21-cv-01015-ADA<br><br>**JURY TRIAL DEMANDED**<br><br>~~**Filed Under Seal**~~<br><br>**PUBLIC VERSION** |

## DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(3) AND 12(B)(6), OR, ALTERNATIVELY, TRANSFER FOR LACK OF VENUE PURSUANT TO 28 USC §1406(A) OR 28 USC §1404(A)

## INTRODUCTION

In a desperate attempt to litigate in this district, Plaintiff Sightline Payments, LLC ("Plaintiff") misstates witnesses' deposition testimony to support its baseless alter ego theory. The unaltered facts, however, show two unmistakable things. *First*, only Everi Payments makes, uses, sells, or offers for sale the Accused Product, and is relevant to this Court's venue analysis. *Second*, the Everi Entities are unmistakably separate and formally distinct entities. There is no basis to pierce the veil between the parent holdings and the payment subsidiary and certainly not between sister subsidiaries as Plaintiff asks the Court to do. Accordingly, venue is not proper and this Court must dismiss this action.

Alternatively, this Court should transfer this action for convenience—the bulk of material physical evidence and documents exist in Nevada; the relevant witnesses reside in Nevada; and Nevada has a localized interest in this case. Conversely, there is likely no physical evidence or documents and no witnesses located in this district; this district has no localized interest, as no Everi Entity has committed any alleged act of infringement here; and both Plaintiff and proper Defendant are headquartered in Nevada. Ultimately, Plaintiff should have brought this action in Nevada where the parties previously agreed to litigate disputes.

## CORRECTED STATEMENT OF RELEVANT FACTS

Plaintiff argued that because the Everi Entities collectively have ties to this district, venue is proper. (Plaintiff Brief ("Brief"), p. 2). Yet, many of the "facts" that Plaintiff relies on to create an alleged improper connection between the Everi Entities and this district are false. Everi's disagreement with Plaintiff's factual allegations are addressed throughout the brief. However, in an effort to assist the Court, Everi provides a summary table of its disagreements in **Exhibit 1**.

At best, any connection to this district is tenuous. (Everi's Motion, ECF No. 21, p. 7, ¶C). Plaintiff and the proper defendant are both headquartered in Nevada, and key documents, evidence

and witnesses (party and non-party alike) are likely in Nevada. These facts show Nevada's strong local interest in hearing this dispute.

Plaintiff also refers to a number of facts that, as discussed later, do not establish an alter ego relationship between the Everi Entities. The Everi Entities share some of the same officers and directors, but there are also different directors across the Everi Entities. (Exs. L and M to Brief). Despite this, the day-to-day operations of the Everi Entities are distinct, the product and service offerings are distinct, and corporate formalities are observed. (Exhibit 1). Everi has minimal shared services,(e.g., marketing, executive teams, and finance and accounting), yet, these services are distinct across the Everi Entities (Exhibit 1). More importantly, there is no evidence suggesting Everi is undercapitalized. (Ex. A to Brief, p. 185:7-14).

## ARGUMENT

### A.  Venue Is Not Proper in This District For Each Defendant

#### 1.  *Everi Payments Does Not Have A Regular and Established Place of Business in This District.*

Plaintiff incorrectly argues that Everi Payments has a regular and established place of business in this district because its employees are permitted, with specific permission, to visit the Austin, Texas facility leased exclusively by Everi Games. This is incorrect; Everi Payments' employees are permitted to visit Everi Games' Austin Office ***only*** if there is a need for such a visit. (Ex. A to Brief, p. 148:11-23). This type of sporadic activity is not sufficient to establish venue. *In re Cray Inc.*, 871 F.3d 1355, 1362 (Fed. Cir. 2017).

Plaintiffs' cited cases are inapposite. While it may be that "the place of business of one corporation may be imputed to the others for venue purposes" (Brief, p. 6), the court in *Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*, 6 F.4th 1283, 1290 (Fed. Cir. 2021) refused to do this, finding instead that venue was improper because the parent and subsidiary entities maintained

corporate formalities, and because the non-store defendants did not ratify store locations within the district. *Id.; see also In re Google LLC*, 949 F.3d 1338, 1347 (Fed. Cir. 2020)(finding venue was not proper "because Google lacked a 'regular and established place of business' within the district since it has no employee or agent regularly conducting its business at its alleged 'place of business' within the district.").[1]

Plaintiff also seemingly argues that Everi Payments has a regular and established place of business in this district because it has Texas employees and uses the same common "Everi" in marketing that Everi Games uses. (Brief, pp. 7-8). Plaintiff fails to cite any case that supports how this kitchen-sink argument establishes a regular and established place of business attributable to Everi Payments and, once again, misstates Mr. Labay's testimony. (Brief, p. 7). This is not surprising, as the relevant authorities show these facts do not establish venue. *See e.g., Optic153*, 2020 WL 3403076, at *2 ("The mere fact that Defendant is registered and earns revenue in Texas has no bearing on the Court's venue analysis"); *LoganTree LP v. Garmin Int'l, Inc.*, 2017 WL 2842870, at *2 (W.D. Tex. June 22, 2017), *judgment entered*, 2017 WL 2844167 (W.D. Tex. June 22, 2017)(finding shared website allowing visitors to access list of distributors in district did not establish venue); *Andra Grp., LP v. Victoria's Secret Stores, L.L.C.*, 6 F.4th 1283, 1290 (Fed. Cir. 2021)("the companies' shared use of 'Victoria's Secret' in their name does not detract from the separateness of their businesses.").

Finally, Everi Payments did not "endorse" the Austin office by filing a change of address form with the U.S. Trademark Office or completing an unrelated Texas tax document. The

---

[1] Plaintiff's reliance on *Javelin Pharms., Inc. v. Mylan Labs. Limited*, 2017 WL 5953296, at *4 (D. Del. Dec. 1, 2017) is also misplaced as the court there simply reiterated the well-known *In re Cray* ratification principle. Whether a defendant owns or leases property in this district is an important factor courts consider when determining whether the defendant has ratified a place of business as its own. *See In re Cray Inc.*, 871 F.3d at 1363.

trademark filing was a mistake that was remedied by a subsequent filing, and the Texas tax form instructs filers to report gross receipts accumulated for all commonly controlled entities. (*See* USPTO filing, attached as **Exhibit 2**; s*ee also* Ex. A to Brief, p. 184:1-p.185:6). These facts do not establish that Everi Payments exercises any control or possession over the Austin Office. *In re Cray Inc.*, 871 F.3d at 1363; *see also Andra*, 6 F.4th at 1290 (finding no control where defendant did not own or lease stores and separate entities carried out different business functions). As such, Everi Payments does not have a regular and established place of business in this district.[2] *Id.*

### 2.   *No Alleged Acts of Infringement were committed in this District.*

It is imperative to remember what is really at issue in this litigation – the **Accused Product** which is only sold by Everi Payments. Despite Plaintiff's mistaken belief, simply alleging infringement is not sufficient *per se* to establish venue. *See Akurate Dynamics, LLC v. Carlisle Fluid Techs., Inc*., 2021 WL 860006, at *2 (W.D. Tex. Mar. 8, 2021)("an allegation that the defendant committed an act of infringement in the District does not establish venue"); *see also Optic153*, 2020 WL 3403076, at *3 (finding an allegation of infringement insufficient to establish venue where defendant does not reside or . . . have a regular and established place of business). Indeed, courts "may look beyond the complaint, to evidence submitted by the parties" to determine whether venue is proper. *Ambraco, Inc. v. Bossclib, B.V.*, 570 F.3d 233, 237–38 (5th Cir. 2009).

Here, Plaintiff does not explicitly allege that Everi has performed at least one step of each method claim in this District (*see* Complaint, generally) – a necessary requirement under Plaintiff's method claim theory. (Brief, p.8). Regardless, the jurisdiction-related evidence shows Everi has

---

[2] Plaintiff asserts that "[a]ny argument that the Austin offices have no connection with the accused product not only raises a question of fact that cannot be decided on a motion to dismiss but is irrelevant because the regular and established place of business need not be the business that commits the acts of infringement in the forum." (Brief, p. 8, fn.4). This argument is flawed as none of the Everi Entities have committed acts of infringement in this district as required by the patent venue statute.

not committed acts of alleged infringement in this district as the Accused Product has no connection to Texas—Everi Payments has no operations in Texas (Ex. G to Brief, p. 36:14-24); no functionalities of the Accused Product were developed in Texas (*id.*, p. 40:17-p.41:4); and the Accused Product is not in Texas (*id.*, p. 121:9 - 124:4; p. 277:10-17). A simple review of the venue-related evidence requires dismissal because there is no infringement in this district.[3] *Ambraco, supra.*

### 3.   The Everi Entities Are Not Alter Egos.

"To impute the property of a subsidiary to the defendant under an alter ego theory, the lines between the defendant and the subsidiary must become so blurred that the two become one." *Nat'l Steel Car Ltd. v. Greenbrier Companies, Inc.*, 2020 WL 4289388, at \*2 (W.D. Tex. July 27, 2020)(internal citation omitted).  Here, Plaintiff is not just asking the Court to pierce between the parent and subsidiaries; Plaintiff asks to pierce the corporate veil starting from the subsidiary (Payments), up to the parent (Holdings), back down to another subsidiary (Gaming Holding), and finally down again to the last subsidiary (Games). Plaintiff has not cited to a single case to support this proposed massive undoing of corporate formalities.

The relevant and controlling law shows the Everi Entities are not alter egos. Plaintiff argues that Everi Holdings owns and controls the Everi Entities because: (i) the entities are wholly owned subsidiaries; (ii) the entities have identical officers and identical directors except for Everi Holdings; (iii) the Entities share common business departments; and (iv) daily operations of the entities are not separate. (Brief, p. 11). First and foremost, many of Plaintiff's arguments misstate the record. For instance, while Plaintiff claims Everi shares common business departments, Labay

---

[3] Plaintiff's reliance on *Seven Networks*, 315 F. Supp. 3d 933, 943 (E.D. Tex. 2018) and *Blackbird Tech*, 2017 WL 4543783, at \*4 (D. Del. Oct. 11, 2017) is inapposite because, unlike here, the dispute is not about whether the allegations were properly plead, and more importantly, there is actual evidence that infringement does not occur in the district.

specified that there are discrete, *i.e.*, separate, segments of shared services between the Games unit and Fintech unit (Ex. A to Brief, p. 120:1-4). Moreover, the fact that the Everi Entities share common officers and directors does not mean the daily operations of the Everi Entities are similar. *See Nat'l Steel*, 2020 WL 4289388, at *1 (holding that common executives, wholly owned subsidiaries, and shared services, were "normal activities consistent with a parent-subsidiary relationship.")(internal citation omitted). These are not the kind of facts this Court has found establishes alter ego. *See WSOU Investments LLC v. Canon Inc*., 6-20-cv-00980 (WDTX Feb. 25, 2022)(Alan D. Albright)(finding alter ego relationship where parent and subsidiary not only shared common directors, but also shared common office space, shared over 100 common products that were commingled at same Texas facility, and where parent controlled acquisition of subsidiary's lease of Texas property).

Despite this clear authority, Plaintiff relies on two inapposite cases to support its argument. *STC.UNM* is not relevant as the issue was whether an alter ego relationship existed in order to justify alternative service of a foreign corporation, not jurisdiction. 2020 WL 10758856 at *1. Additionally, the Ninth Circuit *Seafood Products* case does not concern jurisdiction in the patent litigation context, and supports the proposition that shared members are not sufficient to establish alter ego. 338 F. Supp. 3d 1118, 1147 (S.D. Cal. 2018). Like the court's decision in *Nat'l Steel Car* and *Seafood Products*, the Everi Entities are not alter egos.

Plaintiff also argues that alter ego is appropriate because "Everi Games operated with grossly inadequate capital and Defendants do not transact at arms-length." (Brief, p. 13). Once again, Plaintiff misstates the record. While the Everi holding companies did lend money to its subsidiaries depending on their capital requirements, this is not evidence of "grossly inadequate capital." (Ex. A to Brief, p. 165:1-16). "[W]hen there is scant evidence that the subsidiary would

be unable to pay a judgment, it weighs heavily against a finding of alter ego status." *Nat'l Steel*, 2020 WL 4289388, at \*4 (internal citations omitted). Here, there is indeed "scant evidence that [any Everi] subsidiary would be unable to pay a judgment." *Id.* Indeed, "███████████████████ ████████████████████████████████████████████████" (Ex. A to Brief, p. 185:7-14). Moreover, while intercompany lending may "suggest that one entity is an alter ego of another, the maintenance of corporate formalities tips in favor of finding that the entities are not alter egos." *Id.* at \*5.

Here, the Everi Entities maintain corporate formalities as established in Exhibit 1.[4] Even Plaintiff concedes the Everi Entities maintain separate bank accounts and observe corporate formalities with respect to SEC regulations. (Brief, p. 14). Moreover, Everi maintains intercompany credits that directly account for any intercompany transfer of funds. (Ex. A to Brief, p. 250:4-15). The Everi Entities are not alter egos and therefore, venue is not proper in this district.

**B. <u>This Dispute Belongs in the District of Nevada Where Venue is Proper.</u>**

*1. A Finding of Alter Ego is Not Needed to Hear This Case in the District of Nevada.*

Plaintiff argues that venue is not proper in the District of Nevada because Nevada is not a proper venue for Everi Games Holding. (Brief, p. 15). Thus, Plaintiff argues that only a finding of alter ego would make venue proper. This argument ignores the overriding fact that headquarters for both the Plaintiff and ***proper defendant*** are in Las Vegas, NV. Again, Everi Payments is the only entity licensed to sell the Accused Product (Ex. A to Brief, p. 276:16-277:1), and is thus the only proper defendant. Because the Everi Entities are not alter egos, venue is not proper. Where venue is improper, the case ***must*** be dismissed or, "if it be in the interest of justice," transferred to

---

[4] Plaintiff's attempt to minimize these facts by referencing documents it claims should have been produced should be ignored. Everi produced every responsive and relevant document Plaintiff requested, and Plaintiff never filed any motion asserting otherwise.

a district where the case could have been brought. 28 U.S.C. §1406(a). This case could have-and should have-been brought in the District of Nevada because both the Plaintiff and proper defendant, Everi Payments, are headquartered in Nevada. Thus, this Court must dismiss or transfer this case.

### 2. *Nevada is the Clearly More Convenient Forum.*

Plaintiff attempts to discredit the Labay and Newsom declarations submitted in support of Everi's Motion by, once again, misstating the record. Labay testified that although he did not draft his declaration, he reviewed its contents before signing. (Ex. A to Brief, p. 138: 8-11). Labay also testified that his declaration was based on his personal knowledge and his "understanding of what the statements were…" (*Id.*, p. 139:9-124). Indeed, and most importantly, Plaintiff does not challenge or dispute that Sanford resides in Nevada. Labay's declaration states, "Sanford currently lists himself on LinkedIn as Chairman and Co-Founder of GamePlus Inc., headquartered in Las Vegas, Nevada" (Labay Dec., ¶11), and on information and belief, he is in Nevada. (*Id.* at ¶12). Labay testified that he knew Sanford was a member of the Sightline team and had started a new direct game business. (Ex. A to Brief, p. 267:15-269:18). This testimony is consistent with his declaration. Finally, while Newsom testified he was provided an outline of recommended topics for his declaration, he stated, "I wrote it and submitted that [declaration] as you see it." (Ex. G to Brief, p. 60:3-12). Thus, both Labay and Newsom's declarations are reliable and based on personal knowledge. Regardless, the public and private factors favor transfer in this case.

### a)      The relative ease of access to sources of proof favor transfer.

Everi Games has servers in Austin, but Everi Payments does not. Nothing about the Accused Product sits on the servers in Texas—the master version of documents describing the Wallet product is located in Nevada and is not accessible by anyone in the Austin facility. (Ex. G to Brief, p. 44:20 – 48:11). Also,

�████████████████████████████████████████████████████

�█████████████████████████████████████████. (*Id.*, p. 53:20 – 54:5). Moreover, Marilynn

Sharp did not work on the Accused Product in Texas; Sharp, "does not have any interaction or

function and development of the Wallet product." (*Id.*, p. 41:16-24). Further, while Labay testified

that Everi Payments' employees work in Texas, he did not testify that these employees work on

the Accused Product. (Ex. A, p. 214:13-215:19). Thus, the majority of the relevant evidence is

located is Vegas—source code, financial documents, master version of documents, Wallet team—

and this factor favors transfer.

### b) The availability of compulsory process does favor transfer.

Plaintiff fails to rebut Everi's argument regarding the availability of willing third party

witnesses. While Plaintiff seemingly challenges LeStrange's relevance (Brief, p. 17-18), when

Plaintiff's attorney asked "[i]s there anyone that we've not discussed […] that was ***an integral***

***part of developing the Wallet product***?", Newsom specifically identified LeStrange. (Ex. G to

Brief, p. 35:12-20)(emphasis added). Moreover, Plaintiff's "implication" that Sanford does not

reside in Nevada is undermined by Sanford's LinkedIn profile indicating he is based in Nevada.

Finally, Plaintiff's inference that Sanford is irrelevant is absurd. Sanford is the lead inventor of the

Asserted Patents and the former President. (Complaint Exhibits A-E). Certainly, he will have key

testimony. Since Plaintiff does not contest that there are no third party witnesses located in this

district, and because at least LeStrange is unwilling to testify, this factor favors transfer.

### c) The cost of attendance for willing witnesses does favor transfer.

Plaintiff falsely states that Everi has no customers of the Accused Product in Nevada, when

in fact, �█████████████████████████████████████ anticipating deployment of the

Accused Product. (Ex. G to Brief, p. 123:18-124:4). Plaintiff does not dispute that it has relevant

and material party witnesses in Nevada. Moreover, Plaintiff ignores the several likely non-party witnesses located in Nevada as well.

Plaintiff, again, misstates Newsom's testimony by asserting that Texas team members developed the Accused Product. Newsom answered, "No" when asked, "[i]s there anyone that's ever developed any functionality for the Wallet in Texas." (Ex. G to Brief, p. 41:2-4). Thus, transfer to Nevada is appropriate. *Uniloc 2017 LLC v. Google LLC*, 2020 WL 3064460, at *6 (E.D. Tex. 2020).

### d)     Other practical problems, Court congestion, and local interests.

The parties agree that the court congestion factor disfavors transfer, and that the last two public interest factors are neutral. As such, only the local interest factor is in dispute. "This factor most notably regards […] the 'significant connections between a particular venue and the events that gave rise to a suit.'" *In re Apple*, 979 F.3d at 1344 (internal citations omitted). Plaintiff does not dispute that only Everi Payments sells the Accused Product, and does not dispute that the Accused Product is not sold anywhere in the State of Texas. Moreover, the parties previously signed two Non-Disclosure Agreements ("NDA") with Nevada forum selection clauses, which is further evidence that both Parties believe Nevada is the proper forum to litigate disputes.[5] (**Exhibit 3**). As such, the local interest factor favors transfer.

### CONCLUSION

WHEREFORE, the Everi Entities respectfully request that this Court dismiss this case or transfer this case to the U.S. District Court for the District of Nevada.

---

[5] While the forum selection clauses of the Non-Disclosure Agreements are not dispositive, it has been recognized that the deference accorded Plaintiff's choice of forum is tempered somewhat by a pre-existing agreement to litigate at least claims elsewhere. *Seeberger Enterprises, Inc. v. Mike Thompson Recreational Vehicles, Inc.*, 502 F. Supp. 2d 531, 536 (W.D. Tex. 2007)(internal citations omitted).

DATE:  April 15, 2022

Respectfully Submitted,

DICKINSON WRIGHT PLLC

By:  */s/ Steven A. Caloiaro*
John S. Artz  (Bar No. 43739)
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
Telephone:(248) 433-7262
Facsimile: (844) 670-6009
Email:      JSArtz@dickinsonwright.com

Christopher E. Hanba (TX Bar No. 24121391)
607 W. 3rd Street, Suite 2500
Austin, TX 78701
Telephone:(512) 582-6889
Facsimile: (844) 670-6009
Email:      chanba@dickinsonwright.com

Steven A. Caloiaro (Bar No. 284410)
100 W. Liberty Street, Suite 940
Reno, NV 89501
Telephone:(775) 343-7506
Facsimile: (844) 670 6009
Email:      SCaloiaro@dickinsonwright.com

*Counsel for Defendants EVERI HOLDINGS*
*INC., EVERI PAYMENTS INC., EVERI GAMES*
*HOLDING INC., and EVERI GAMES INC.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on April 15, 2022, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(b)(1). I further certify that all counsel of record will be served with copies of any documents filed under seal. Any other counsel of record will be served by e-mail, facsimile transmission, and/or first class mail on this same date.


  /s/ Steven A. Caloiaro